# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| SHLOMO DANIEL MENASHI,<br><br>   Plaintiff,<br><br>v.<br><br>AMERICAN HOME MORTGAGE SERVICING, INC., a Delaware Corporation; EQUIFAX INFORMATION SERVICES, LLC, a Georgia limited liability company; TRANSUNION, LLC, a Delaware limited liability company; EXPERIAN INFORMATION SOLUTIONS, INC., an Ohio corporation; and WILMINGTON TRUST COMPANY, as owner Trustee of the American Home Mortgage Investment Trust 2007-1,<br><br>   Defendants. | Case No.:<br><br>8:11-cv-01346-SDM-EAJ |

## **DEFENDANT TRANS UNION LLC'S MOTION FOR PARTIAL DISMISSAL**

Trans Union LLC ("Trans Union"), incorrectly named TransUnion LLC, one of the Defendants herein, files this, its Motion for Partial Dismissal, and pursuant to Federal Rule of Civil Procedure 12(b)(6) would show the Court as follows:

### **I. BACKGROUND**

Plaintiff alleges Trans Union, a credit reporting agency, violated the Fair Credit Reporting Act ("FCRA"). 15 U.S.C. § 1681, *et seq.* Plaintiff seeks injunctive relief, specifically requesting (1) "[t]hat this Court enter an order directing the Defendants to immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities …;" and (2) "[t]hat this Court enter an order directing Equifax,

TransUnion [sic], and Experian to send to all persons and entities to whom they have reported Plaintiff's inaccurate information within the last three years Plaintiff's updated and corrected credit report information." (Dkt. No. 1, Pg. 29, subparts F, G);

## II. ARGUMENT

This Court must dismiss Plaintiff's request for equitable, declaratory or injunctive relief as a private plaintiff cannot seek equitable, declaratory or injunctive relief under the FCRA. *Picon v. Bank of Am., N.A.,* 2011 U.S. Dist. LEXIS 65951, at *6-7 (M.D. Fla. June 21, 2011); *Lee v. Sec. Check, LLC*, 2009 U.S. Dist. LEXIS 104499, at *12-13 (M.D. Fla. Nov. 9, 2009); *Preston v. Mortgage Guar. Ins. Corp.*, 2003 U.S. Dist. LEXIS 26765, at *13-14 (M.D. Fla. Dec. 19, 2003); *Washington v. CSC Credit Servs., Inc.*, 199 F.3d 263, 268 (5th Cir. 2000); *Mangio v. Equifax, Inc.*, 887 F. Supp. 283, 284-85 (S.D. Fla. 1995) (holding that private plaintiffs cannot seek injunctive relief under the FCRA because such relief would circumvent the Federal Trade Commission's discretion to enforce the FCRA).[1]

Sections 1681n and 1681o of the FCRA prescribe the potential civil liability for noncompliance with the FCRA. Neither section makes any mention of injunctive relief. Section 1681s(a) of the FCRA, however, does grant the power to obtain

---

[1] For other court decisions discussing the unavailability of injunctive relief to private parties under the FCRA, see *Hamilton v. DirecTV*, 642 F. Supp. 2d 1304, 1307, (M.D. Ala. 2009); *Varricchio v. Capital One Serv.*, 2007 U.S. Dist. LEXIS 20742 (S.D. Fla. Mar. 23, 2007); *Jones v. Sonic Auto., Inc.,* 391 F. Supp. 2d 1064, 1065 (M.D. Ala. 2005); *In re Trans Union Corp. Privacy Litig.*, 211 F.R.D. 328, 340 (N.D. Ill. 2002) ("[T]his court agrees with *Washington* that Congress vested the power to obtain injunctive relief solely with the FTC"); *Bumgardner v. Lite Cellular, Inc.*, 996 F. Supp. 525, 527 (E.D. Va. 1998) ("Congress's failure to include injunctive relief as a potential remedy, combined with Congress's express delegation of enforcement of the FCRA to the FTC, clearly indicates that Congress did not intend injunctive relief as a remedy.") *See also Odin Gonzales v. Macy's/DSNB*, 2006 U.S. Dist. LEXIS 89644 (S.D. Fla. 2006) (Upon a review of the FCRA's civil remedy provisions, the plain language of the statute reveals that a private plaintiff can only obtain compensatory damages, punitive damages, and attorney's fees).

injunctive relief, but only to the FTC. See 15 U.S.C. § 1681s(a) ("Compliance with the requirements imposed under this title shall be enforced under the Federal Trade Commission Act … by the Federal Trade Commission"). The omission of an equitable remedy under §§ 1681n and 1681o is significant because Congress expressly created an equitable remedy under § 1681s(a). If Congress had intended to give private plaintiffs the right to seek injunctive relief for noncompliance with the FCRA, it would have expressly created an equitable remedy under Sections 1681n and 1681o. *Washington*, 199 F.3d at 269; *Mangio*, 887 F. Supp. at 285.

Not only is injunctive relief not available under the FCRA, but it is also not available at common law because the FCRA preempts state law to the extent the common law is inconsistent with the FCRA. *Hamilton v. DirecTV*, 642 F. Supp. 2d 1304, 1307, (M.D. Ala. 2009); *Poulson v. Trans Union, LLC*, 370 F.Supp. 2d 592, 593 (E.D. Tex. 2005).

WHEREFORE, PREMISES CONSIDERED, Defendant Trans Union LLC, respectfully requests this Court follow the lead of the other courts that have considered this issue and find that the FCRA does not afford the Plaintiff a right to declaratory or injunctive relief and dismiss Plaintiff's request for the same.

Respectfully submitted,

/s/ Franklin G. Cosmen, Jr.
**FRANKLIN G. COSMEN, JR.**
Florida Bar No. 0089214
**QUINTAIROS, PRIETO, WOOD**
**& BOYER, P.A.**
9300 South Dadeland Blvd, 4th Floor
Miami, Florida 33156
Telephone: (305) 670-1101
Facsimile: (305) 670-1161
Email: fcosmen@qpwblaw.com

**COUNSEL FOR DEFENDANT**
**TRANS UNION LLC**

## CERTIFICATE OF SERVICE

I hereby certify on the 15th day of July 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Adam Joseph Knight
aknight@titlemark.net
Henry West Hicks
henry@titlemark.net
Henry W. Hicks, PA
3003 W Azeele St., Suite 200
Tampa, FL 33609
**COUNSEL FOR PLAINTIFF**

Jacqueline Simms-Petredis
jacqueline.simms-petredis@akerman.com
Akerman Senterfitt
401 E Jackson St., Suite 1700
Tampa, FL 33602-5803
**COUNSEL FOR DEFENDANTS AMERICAN HOME MORTGAGE SERVICING, INC. AND WILMINGTON TRUST COMPANY**

James Beckett Thompson, Jr.
tjr@thompsongoodis.com
Thompson, Goodis, Thompson, Groseclose & Richardson, PA
700 Central Ave, Suite 500
P.O. Box 90
St Petersburg, FL 33731
**COUNSEL FOR DEFENDANT EQUIFAX INFORMATION SERVICES, LLC**

I hereby certify I have mailed by United States Postal Service the document to the following non-CM/ECF participants: None at this time.

/s/ Franklin G. Cosmen, Jr.
**FRANKLIN G. COSMEN, JR.**