## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**SHLOMO DANIEL MENASHI**

             **Plaintiffs,**

v.                                         Case No. 8:11-cv-01346-SDM-EAJ

**AMERICAN HOME MORTGAGE SERVICING, INC.**, a Delaware corporation; **EQUIFAX INFORMATION SERVICES, LLC**, a Georgia limited liability company; **TRANSUNION, LLC**, a Delaware limited liability company; **EXPERIAN INFORMATION SOLUTIONS, INC.**, an Ohio corporation; and **WILMINGTON TRUST COMPANY**, as Owner Trustee of the American Home Mortgage Investment Trust 2007-1,

             **Defendants.**
_____/

### AMERICAN HOME MORTGAGE SERVICING, INC.'S PARTIAL MOTION TO DISMISS COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

#### I. INTRODUCTION

Shlomo Daniel Menashi (**Menashi**) asserts a number of claims against American Home Mortgage Servicing, Inc. (**AHMSI**) for alleged false credit reporting with respect to his mortgage loan. Counts two and three of the complaint fail as a matter of law. The Florida Consumer Collection Practices Act, FLA. STAT. § 559.55, *et seq.* (**FCCPA**) claim, based solely on credit reporting allegations, is preempted by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. (**FCRA**). As to Menashi's poorly-pled claim entitled "accounting," there is no such cause of action. To the extent it is construed as a claim under the Real Estate Settlement Procedures Act (**RESPA**), it fails because he neither alleges that he sent AHMSI a qualified written request nor a pattern or practice of AHMSI failing to respond to such requests. Both claims must be dismissed with prejudice.

{TP726416;1}

## II. LEGAL DISCUSSION

A.  **Count II - The FCCPA Claim Is Preempted by FCRA.**

Menashi's FCCPA claim contained in count II of his complaint, is based on the alleged disclosure of false information to credit reporting agencies. (Compl. ¶¶ 137.) Because those allegations relate directly to AHMSI's responsibilities as an information furnisher under the FCRA, the statute's express preemption provision applies.[1] The applicable provision reads in pertinent part:

**§ 1681t. Relation to State laws**.

(b) General exceptions

No requirement or prohibition may be imposed under the laws of any State--

(1) with respect to any subject matter regulated under--

(F) section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies[.]

FCRA's preemption provision has been applied to bar actions involving the responsibilities of furnishers of information brought under state regulatory schemes throughout the United States. *See Osborne v. Vericrest*, 2011 WL 1878227 *3 (M.D. Fla. May 17, 2011) (granting defendant's motion to dismiss based on preemption to the extent the FCCPA claim was premised on credit reporting activity); *Pirouzian v. SLM Corp.*, 396 F. Supp. 2d 1124 (S.D. Cal. 2005) (California Fair Debt Collection Practices Act action was preempted by FCRA, despite claim that FCRA pertained to the reporting of credit information, while the California statute regulated the collection of debts; all claims pertained to the creditor's reporting of or failure to

---

[1] It has been widely held by courts in the Eleventh Circuit that § 1681h(e) applies to torts such as defamation, while § 1681t(b)(1)(F) only applies to state statutory regulation of credit reporting practices and procedures. *See Acciard v. Whitney*, 2008 WL 5120898, at *9 (M.D. Fla. 2008); *Jordan v. Trans Union LLC*, 377 F. Supp. 2d 1307, 1309 (N.D. Ga. 2005); *Neal v. Equifax Info. Servs., LLC*, 2005 WL 5249668, at *3 (N.D. Ga. Mar. 4, 2005); *Johnson v. Citimortgage, Inc.*, 351 F. Supp. 2d 1368, 1376 (N.D. Ga. 2004); *McCloud v. Homeside Lending*, 309 F. Supp. 2d 1335, 1341 (N.D. Ala. 2004).

2

{TP726416;1}

report certain information about the debtor); *Davis v. Trans Union, LLC*, 526 F. Supp. 2d 577 (W.D.N.C. 2007) (FCRA preempted consumer's claims that a collection agency violated North Carolina statutes relating to prohibited practices by collection agencies and unfair and deceptive trade practices); *Russell-Allgood v. Resurgent Capital Servs., L.P.*, 515 F. Supp. 2d 1307 (N.D. Ga. 2007) (*judgment vacated on other grounds*) (alleged identity theft victim's Georgia Fair Business Practices Act claim against creditor was preempted by federal FCRA); *Manno v. Am. Gen. Fin. Co.*, 439 F. Supp. 2d 418 (E.D. Pa. 2006) (consumers' claim against furnisher of credit information under the Pennsylvania unfair trade practices and consumer protection law was preempted by the FCRA); *Islam v. Option One Mortg. Corp.*, 432 F. Supp. 2d 181 (D. Mass. 2006) (claim of mortgagor under Massachusetts statute governing procedure to ensure accuracy of information reported to consumer reporting agency was preempted by FCRA).

Some courts have gone as far to say that any state regulatory scheme used to create liability for the acts of a furnisher of information is preempted under FCRA, regardless of its true aims. *Jaramillo v. Experian Info. Solutions, Inc.*, 155 F. Supp. 2d 356 (E.D. Pa. 2001). In *Jaramillo*, the court analyzed § 1681t(b)(1) and found that its plain language eliminated "all state causes of action against furnishers of [credit] information, not just the ones that stem from statutes that related specifically to credit reporting." *Id*; *see also Quigley v. Pa. Higher Educ. Assistance Agency*, No. C00-1661CRB, 2000 WL 1721069, at *3 (C.D. Cal. 2000) (plain reading of FCRA preempted any private right of action under the California Civil Code based on wrongful acts of information furnishers, which is consistent with the express intent of Congress to have conduct of information furnishers regulated exclusively by governmental entities).

Regardless of how strictly § 1681t(b)(1) is interpreted, this case underscores the critical role of preemption under FCRA because Congress intended for the statute to preempt state laws regarding duties of information furnishers and remedies available against them, rather than

allowing differing liabilities for information furnishers depending upon the state in which the action was brought. *Howard v. Blue Ridge Bank*, 371 F. Supp. 2d 1139, 1144 (N.D. Cal. 2005). Menashi's only recourse for his claims involving credit reporting allegations is under FCRA § 1681s-2(b). He cannot use the FCCPA to circumvent, or add to, his FCRA claim. Accordingly, count two must be dismissed with prejudice.

**B.     Count III - The Claim for "Accounting" Fails to State a Claim.**

It is unclear exactly what Menashi claims AHMSI did or did not do, in his count alleging they "failed to account to Menashi for payments made by Menashi to AHMSI." (Compl. ¶ 140.) The statutory authority for an "accounting" claim is found in 12 U.S.C. § 2605(e), which requires loan servicers to respond to a "qualified written request from a borrower… for information relating to the servicing of such loan…." *See* 12 U.S.C. § 2605(e)(1)(A).

A claim for failure to provide an accounting in response to the borrower's qualified written request can be maintained only "upon showing of a pattern or practice of non-compliance with the duty to respond to borrower's inquiries." *See In re Tomasevic*, 273 B.R. 682, 686 (Bankr. M.D. Fla. 2002) (failure to respond to a single qualified written request insufficient to establish a pattern or practice and does not permit recovery of damages); *see also Chatman* v. *Fairbanks Capital Corp.*, No. 02-C-665, 2002 WL 1338492, at *6 (N.D. Ill. June 18, 2002) (citing 12 U.S.C. 2605(f)(1)(B)); *Katz* v. *The Dime Savings Bank, FSB*, 992 F. Supp. 250, 258 (W.D.N.Y. 1997) (same); *In re Maxwell*, 281 B.R. 101, 123 (Bankr. D. Mass. 2002) (failure to respond to two separate qualified written requests insufficient to establish a pattern or practice and does not permit recovery of damages).

Menashi does not allege a pattern or practice of failure to respond to qualified written requests. In fact, he does not even allege to have served a qualified written request on AHMSI.

4

This claim does not allege the necessary elements for recovery under a RESPA claim for "accounting," or any other cause of action and must be dismissed with prejudice.

### III. CONCLUSION

Counts II and III of Menashi's complaint fail to state causes of action against AHMSI. The FCCPA claim, premised on credit reporting activity, is preempted by FCRA. Additionally, the claim for "accounting" fails to state a cause of action. For these reasons, AHMSI respectfully requests that counts II and III of Menashi's complaint be dismissed with prejudice.

Respectfully submitted,

/s/ Jacqueline A. Simms-Petredis
Jacqueline A. Simms-Petredis
Florida Bar No: 0906751
jacqueline.simms-petredis@akerman.com
Germaine Seider
Florida Bar No: 085968
germaine.seider@akerman.com
**AKERMAN SENTERFITT**
401 E. Jackson Street, Suite 1700
Tampa, Florida  33602
Telephone:  813-223-7333
Facsimile:  813-223-2837

-and-

William P. Heller
Florida Bar No.:  987263
e-mail: william.heller@akerman.com
**AKERMAN SENTERFITT**
Las Olas Centre II
350 East Las Olas Blvd., Suite 1600
Fort Lauderdale, Florida  33301-2229
Telephone:  (954) 463-2700
Fax:  (954) 463-2224

*Attorneys for AHMSI*

5

{TP726416;1}

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 28th day of July, 2011, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record.

                                              /s/Jacqueline A. Simms-Petredis
                                              Attorney