IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| SHLOMO DANIEL MENASHI, | : |
| Plaintiff, | : |
| v. | : |
| AMERICAN HOME MORTGAGE SERVICING, INC., a Delaware corporation, et al., | : Case No. 8:11-CV-1346-SDM-EAJ |
| Defendants. | : |

**PLAINTIFF'S RESPONSE TO AMERICAN HOME MORTGAGE SERVICING, INC's PARTIAL MOTION TO DISMISS**

**INTRODUCTION**

Shlomo Daniel Menashi's (Menashi) complaint asserts statutory claims against American Home Mortgage Servicing, Inc. (AHMSI) under the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681 et seq. and under the Florida Consumer Collection Practices Act (FCCPA), FLA. STAT. §§ 559.55 et seq. Also, the complaint asserts a common law claim for an equitable accounting against AHMSI.

Menashi's complaint alleges that AHMSI violated the FCCPA by asserting the existence of a legal right that AHMSI knew did not exist. Further, Menashi's complaint seeks an accounting of payments made by Menashi to AHMSI, but for which AHMSI refuses to account.

AHMSI seeks to dismiss that portion of the complaint asserting violations of the FCCPA based upon the FCRA's preemption provision. AHMSI seeks to dismiss Menashi's

accounting claims based upon an alleged failure by Menashi to state a claim under the Real Estate Settlement Procedures Act (RESPA).

Menashi's claims under the FCCPA must remain in part because at least one of the alleged FCCPA violations is not related to AHMSI's credit reporting activity. Second, Menashi's complaint sufficiently states a cause of action for a common law accounting and, therefore, should not be dismissed.

## ARGUMENT AND CITATION TO AUTHORITY

### I. STANDARD OF REVIEW

To state a cause of action, a complaint must contain "a short and plain statement of claim showing that the pleader is entitled to relief" and "a demand for the relief sought, which may include relief in the alternative or different types of relief." FED. R. CIV. P. 8(a). When considering a motion to dismiss, a trial court must accept the complaint's well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff. Caravell v. American Airlines, Inc., 315 F. Supp. 2d 1346, 1348 (S.D. Fla. 2004) (citing United States v. Pemco Aeroplex, Inc., 195 F.3d 1234, 1236 (11th Cir. 1999)). A trial court should not grant a motion to dismiss where the factual allegations show "a right to relief above the speculative level." See Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). A complaint should survive a motion to dismiss "even if it appears that a recovery is very remote and unlikely." Id.

### II. MENASHI'S FCCPA CLAIMS MUST REMAIN IN PART

Florida courts and courts in the Eleventh Circuit have interpreted the FCRA to only preempt state law claims to the extent those claims are premises on credit reporting activity.

See, e.g., Osborne v. Vericrest, 2011 WL 1878227, *3 (M.D. Fla. May 17, 2011) (dismissing FCCPA claims only to the extent they related to credit reporting activity); Russell-Allgood v. Resurgent Capital Servs., L.P., 515 F. Supp. 2d 1307 (N.D. Ga. 2007) (alleged identity theft victim's Georgia Fair Business Practices Act claim against creditor was preempted by federal FCRA).

Menashi's complaint alleges three violations of the FCCPA by AHMSI: (A) disclosing to a person other than the debtor or their family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false, in violation of FLA. STAT. § 559.72(5); (B) asserting the existence of a legal right that AHMSI knew did not exist, in violation of FLA. STAT. § 559.72(9); and (C) disclosing information concerning the existence of a debt known to be reasonably disputed by the debtor without disclosing that fact, in violation of FLA. STAT. § 559.72(6). (Complaint, ¶ 137a-c).

Menashi concedes that claims for violations of FLA. STAT. § 559.72(5) and (6) are preempted by the FCRA as they relate to AHMSI's credit reporting activity.

However, Menashi's claims against AHMSI under FLA. STAT. § 559.72(9) must be allowed to stand. FLA. STAT. § 559.72(9) prohibits any person from "[asserting] the existence of [any right] when such person knows that the right does not exist." The complaint alleges that Menashi and AHMSI entered into a binding HAMP modification in March 2010. (Complaint, ¶¶ 57-59). Menashi alleges his full performance under that agreement. (Complaint, ¶ 60).

Despite Menashi's full performance under the HAMP modification agreement, AHMSI unilaterally and without notice decided to refuse to honor the agreement. (Complaint, ¶¶ 61, 68). Menashi only learned of AHMSI's refusal to honor the agreement when AHMSI failed to accept Menashi's March 2011 mortgage payment. (Complaint, ¶ 66). After AHMSI's refused his mortgage payment, Menashi contacted AHMSI to investigate the situation and AHMSI told him the agreement simply would not be honored. (Complaint, ¶ 67-68). During this conversation, AHMSI acknowledged that the contract was binding, but also stated that AHMSI simply refused to perform its obligations. (Complaint, ¶ 69).

Because the HAMP modification agreement was admittedly binding, AHMSI was not in a position to refuse Menashi's mortgage payments. In fact, AHMSI's agents admitted the binding nature of the HAMP agreement in their discussions with Menashi. (Complaint, ¶69). Accordingly, AHMSI's assertion of a right to refuse to accept Menashi's properly tendered payment and to unilaterally rescind the HAMP modification agreement constitutes the assertion of a right AHMSI knew didn't exist and, therefore, presents a violation of the FCCPA unrelated to AHMSI's credit reporting activity.

AHMSI made no objection to the sufficiency of Menashi's pleading of the FCCPA violations other than federal preemption. As such, Menashi's argument herein relates solely to showing the existence of a claim unrelated to AHMSI's credit reporting activity. As Menashi has alleged a violation of the FCCPA unrelated to AHMSI's credit reporting activity, that portion of the complaint alleging a violation of FLA. STAT. § 559.72(9) must not be dismissed.

**III.     RESPONSE TO AHMSI'S MOTION TO DISMISS ACCOUNTING CLAIMS**

Florida recognizes the common law equitable accounting claim. See, e.g., R. O. Holton & Co. v. Hull, 192 So. 229 (Fla. 1939); Campbell v. Knight, 109 So. 577 (Fla. 1926); Craft v. Craft, 76 So. 772 (Fla. 1917); F.A. Chastain Const., Inc. v. Pratt, 146 So. 2d 910 (Fla. 3d DCA 1962) (overturning a trial court's failure to grant a mortgagor an equitable accounting).

Common law accounting claims are simple in nature and only require a plaintiff to allege that "the contract demands between litigants involve extensive or complicated accounts and it is not clear that the remedy at law is as full, adequate and expeditious as it is in equity." F.A. Chastain Const., Inc., 146 So. 2d at 913. See also Bankers Trust Realty, Inc. v. Kluger, 672 So. 2d 897 (Fla. 3d DCA 1996).

The complaint meets these required elements. Menashi alleged that AHMSI has failed to account for payments made to AHMSI by Menashi. (Complaint, ¶ 62-64). Menashi has alleged the existence of a complicated account between Menashi and AHMSI. (Complaint, ¶ 141). Lastly, Menashi has alleged the lack of a remedy at law. (Complaint, ¶ 142).

AHMSI's sole basis for moving to dismiss Menashi's accounting claim is that Menashi failed to state a claim under RESPA. As shown above, Florida recognizes a common law accounting action and Menashi has alleged the required elements.

Therefore, this Court should not dismiss Menashi's accounting claims against AHMSI.

## CONCLUSION

Menashi has stated a claim under the FCCPA unrelated to AHMSI's credit reporting activity and, therefore, Menashi's FCCPA claims must be allowed to remain in part.  Also, Menashi common law claims for an equitable accounting should survive as Menashi has alleged the required elements.

Therefore, Menashi respectfully requests that this Court deny AHMSI's motion to dismiss.

Respectfully submitted,

/s/ Adam J. Knight
Adam J. Knight, Esq.
Florida Bar Number 69400
Attorney for the Plaintiff

Henry W. Hicks, P.A.
3003 West Azeele Street, Suite 200
Tampa, Florida 33609
Tele. 813.876.3113
Fax. 813.871.9202
aknight@titlemark.net

## CERTIFICATE OF SERVICE

I hereby certify that I filed a copy of the foregoing Plaintiff's Response to American Home Mortgage Servicing, Inc.'s Motion to Dismiss by using the CM/ECF system, which will send electronic copies to all counsel of record in this action.

/s/ Adam J. Knight
Adam J. Knight, Esq.
Florida Bar Number 69400